**Daniel BRUNO, Plaintiff–Appellant,**

v.

**METROPOLITAN TRANSPORTATION AUTHORITY, Defendant–Appellee.**

No. 08–1993–cv.

United States Court of Appeals, Second Circuit.

Aug. 19, 2009.

---

Philip J. Dinhofer, Esq., Rockville Centre, NY, for the Plaintiff–Appellant.

Ira J. Lipton, Esq., Hoguet, Newman, Regal, & Kenney, LLP New York, NY, for Defendant–Appellee.

PRESENT: GUIDO CALABRESI, B.D. PARKER and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Daniel Bruno appeals from the dismissal of two claims against the Defendant–Appellee, Metropolitan Transportation Authority ("MTA") under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.* ("FELA"). The United States District Court for the Southern District of New York (Marrero, *J.*) dismissed his first claim on the ground of failure to state a claim and dismissed his second claim because the three year statute of limitations had expired. We assume the parties' familiarity with the underlying

facts, procedural history, and issues on appeal.

We review motions to dismiss *de novo*. *Amron v. Morgan Stanley Inv. Advisors Inc.*, 464 F.3d 338, 343 (2d Cir.2006). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* —— U.S. ——, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted). A complaint is not required to have " 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* at 1949 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 129 S.Ct. at 1950.

Under FELA, any railroad engaging in interstate commerce "shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce ... for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier." 45 U.S.C. § 51. To prevail on a FELA action, "the plaintiff must prove the traditional common law elements of negligence: duty, breach, foreseeability, and causation." *Tufariello v. Long Island R.R.*, 458 F.3d 80, 87 (2d Cir.2006).

▮ We conclude that both of Bruno's claims fail to pass this test. Bruno's first claim is that he suffered "severe and disabling injuries" as a result of the MTA's policy that requires its employees who are not on active work status to remain at home during working hours, unless they receive a "no work" status. Bruno's claim is implausible on its face. The complaint fails to allege that the MTA had any duty to grant the no work status, or that there is any causal link between the MTA policy and Bruno's injuries. Further, Bruno offers no facts apart from conclusory assertions as to how the MTA's denial of his no work status caused unspecified "severe and disabling injuries." As such, this claim is frivolous.

▮ Bruno's second claim also fails. Bruno's complaint alleges that on or prior to September 13, 2001, the MTA assigned Bruno to work at or near the World Trade Center, and that he sustained "severe and disabling injuries" by reason of the MTA's negligence. However, Bruno conceded at oral argument that, in the absence of fraud, he is precluded from bringing this claim by a general release he signed in connection with a previous lawsuit. Bruno also conceded that he has not pleaded fraud. Accordingly, Bruno's claim is barred by the release. To the extent Bruno argues that the district court should have *sua sponte* granted him leave to amend his complaint to address this deficiency, he is incorrect. *See, e.g., Grain Traders, Inc. v. Citibank, N.A.*, 160 F.3d 97, 106 (2d Cir.1998) ("[T]he district court did not abuse its discretion in granting summary judgment without *sua sponte* granting leave to replead."); *In re Am. Exp. Co. Shareholder Litig.*, 39 F.3d 395, 402 (2d Cir.1994) ("The district court surely did not abuse its discretion in not *sua sponte* granting leave to replead.").

▮ Given the frivolousness of this appeal, appellee MTA may apply for damages and/or double costs. *See* Fed. R.App. P. 38.

Therefore, the judgment of the district court is AFFIRMED.